# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| RODNEY S. MEANS, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:06-CV-409-TS |
| AMERIQUEST MORTGAGE COMPANY, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Second Motion to Restore Case to Trial Docket [DE 95] and Third Motion to Amend Complaint [DE 96], both filed on July 13, 2009. Also before the Court is the Defendants' Motion for Leave to File Sur-Reply to Plaintiff's Second Motion to Restore Case to Trial Docket and to Plaintiff's Motion to File a Third-Amended Complaint [DE 111], filed on November 18, 2009.

## BACKGROUND

The Plaintiff instituted this lawsuit on November 7, 2006, in the Lake Circuit Court, Indiana. In his Complaint and Demand for Jury Trial [DE 1], the Plaintiff alleged that Defendants Ameriquest Mortgage Company and Mortgage Information Services, Inc., violated the federal Truth in Lending Act, Indiana's UCC disclosure law, and Indiana's civil deception and civil mischief statute, and are liable under theories of misrepresentation and breach of contract/promissory estoppel. On December 8, this case was removed to this Court. On August 14, 2007, Defendant Mortgage Information Services filed an Answer [DE 27], and on August 21, Defendant Ameriquest Mortgage Company filed an Answer [DE 30].

On January 4, 2008, the Plaintiff's First Amended Complaint [DE 40] was filed, after the Court granted the Plaintiff's Motion to Amend Pleadings and Join Parties [DE 38]. The following parties were then added as Defendants: Deutsche Bank National Trust Company as Trustee for Asset-Backed Pass-Through Certificates, Series 2006-R-1; Ameriquest Capital Corporation; ACC Capital Holdings Corporation; and Ameriquest Mortgage Securities, Inc. On January 18, Defendant Mortgage Information Services filed an Answer [DE 43]. On February 15, Defendant Ameriquest Mortgage Company filed an Answer [DE 46] and a Motion to Dismiss Count VI [DE 47].

On April 8, 2008, the Plaintiff's Second Amended Complaint [DE 59] was filed, after the Court granted the Plaintiff's Second Motion to Amend Complaint [DE 55]. This amended pleading corrected the name of Defendant Deutsche Bank National Trust Company. On April 23, Defendant Mortgage Information Services filed an Answer [DE 65]. On May 7, Defendant Ameriquest Mortgage Company filed an Answer [DE 68] and a Motion to Dismiss Count VI [DE 69]. Also on May 7, Defendants Ameriquest Capital Corporation, ACC Capital Holdings Corporation, and Ameriquest Mortgage Securities filed a Motion to Dismiss [DE 70]. On May 12, Deutsche Bank National Trust Company filed an Answer [DE 72] and a Motion to Dismiss Count I [DE 73].

On October 26, the Plaintiff filed a Chapter 7 Voluntary Petition in the Bankruptcy Court, which automatically stayed all pending court proceedings including this litigation. On November 26, the Plaintiff filed a Notice of Bankruptcy [DE 87] in this matter, indicating that he filed for Chapter 7 bankruptcy. On December 11, after conducting a telephonic conference with counsel for the parties, the Court issued an Order [DE 90] directing the Clerk of the Court to mark this action

closed for statistical purposes. The Court also ordered that it would retain jurisdiction and that this case would be restored to the trial docket upon motion of a party if circumstances changed, so that it could proceed to final disposition. On April 20, 2009, the Bankruptcy Court issued an order discharging the Plaintiff in bankruptcy.

On June 8, 2009, the Plaintiff filed a Motion to Restore Case to Trial Docket and Motion for Pre-Trial Conference [DE 91]. On June 29, the Court conducted a telephonic conference with counsel for the parties, and the Plaintiff's Motion was denied without prejudice. On July 13, the Plaintiff filed a Second Motion to Restore Case to Trial Docket [DE 95] and a Third Motion to Amend Complaint [DE 96], as well as a proposed Third Amended Complaint [DE 97]. On August 7, the Defendants jointly filed a Response [DE 105], and on October 8, the Plaintiff filed a Reply [DE 110]. On November 18, the Defendants filed their Motion for Leave to File Sur-Reply to Plaintiff's Second Motion to Restore case to Trial Docket and to Plaintiff's Motion to File a Third-Amended Complaint [DE 111].

## DISCUSSION

The Plaintiff moves the Court to restore this case to the trial docket so that his Bankruptcy Estate can pursue claims against the Defendants. The Plaintiff indicates that the Bankruptcy Court lifted the automatic stay for Deutsche Bank National Trust Company regarding the property securing the challenged loan, that related litigation may now resume, and that the Bankruptcy Court granted the Bankruptcy Trustee's motion to employ Attorney Christine M. Jackson to represent the Bankruptcy Estate's claims against the Defendants. The Plaintiff also moves the Court for leave to amend his Complaint. The Plaintiff indicates that the Trustee of the Bankruptcy

3

Estate is now the proper plaintiff in this case, and thus the Plaintiff asks the Court to allow the Plaintiff's Third Amended Complaint to be filed substituting the Bankruptcy Trustee as the proper party in interest and to modify certain claims and Defendants to correspond to the current status of this litigation.

The Defendants jointly respond that, pending an explanation from the Plaintiff regarding why this action should proceed in this Court rather than in the Bankruptcy Court, the Court should deny the Plaintiff's Second Motion to Restore Case to Trial Docket and deny without prejudice the Plaintiff's Third Motion to Amend Complaint. The Court agrees with the Defendants that the real question raised by the Plaintiff's Second Motion to Restore Case to Trial Docket is whether the Court should withdraw the reference to the Bankruptcy Court, and thus the Court construes his Motion as a Motion to Withdraw Reference. The Defendants argue that the Plaintiff's Second Motion to Restore Case fails to request that the Court withdraw the reference to the Bankruptcy Court or to explain why a withdrawal of reference is proper. The Defendants acknowledge that the Plaintiff's proposed Third Amended Complaint does address the issue that had arisen regarding who the proper plaintiff is in this action. They also note that the Plaintiff's proposed Third Amended Complaint appears to assert no claims against Defendant Mortgage Information Services, drops the claims against Defendants Ameriquest Capital Corporation, ACC Capital Holdings Corporation, and Ameriquest Mortgage Securities, and drops a state law based claim against Ameriquest Mortgage Company, but fails to make necessary changes in the relief sought.

In his Reply, the Plaintiff concedes that in his Second Motion to Restore Case to Trial Docket he did not use the terminology "withdrawal of reference," but contends that his request was, in substance, a request that the Court withdraw the reference to the Bankruptcy Court. In his

4

Reply, the Plaintiff supplements his Second Motion to Restore Case to Trial Docket with argument in support of a "for cause" withdrawal of reference and with citations to authorities. The Plaintiff asserts that withdrawing the reference will promote judicial economy, that this Court already is familiar with this case which was removed to this Court almost three years ago, that withdrawal of the reference is appropriate because his consumer claims will not result in any additional distribution for creditors, and that the right to a jury trial is sufficient cause to withdraw the reference.

The Defendants have moved the Court for leave to file a sur-reply, seeking to correct some purported misstatements of the law and the facts by the Plaintiff in his Reply. However, the Defendants' request came nearly a month and a half (forty-one days), after briefing had been completed on the Plaintiff's pending Motions. In their Motion, the Defendants do not provide any explanation for their delay in seeking leave to file this additional brief, and extending the briefing on the Plaintiff's pending Motions would not be fruitful and would cause further delay. For these reasons, the Court will deny the Defendants' Motion for Leave.

As to the Plaintiff's Second Motion to Restore Case, district courts have original jurisdiction over all bankruptcy proceedings arising out of Title 11 of the United States Code, *see* 28 U.S.C. § 1334, but a district court may "provide that any or all cases under title 11 [of the United States Code] and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district," 28 U.S.C. § 157(a). Local Rule 200.1 of the United States District Court for the Northern District of Indiana addresses bankruptcy cases and proceedings. In Local Rule 200.1(a)(1), this District Court has exercised its authority to automatically refer bankruptcy matters to the bankruptcy judges, and this automatic

referral includes "all cases under Title 11 of the United States Code, and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11." Local Rule 200.1 also identifies matters to be determined by bankruptcy judges, matters to be determined or tried by district judges, and procedures that apply to motions to withdraw cases and proceedings to the district court. Local Rule 200.1(a)(1) includes a policy statement that it "is the intention of this court that the bankruptcy judges be given the broadest possible authority to administer cases properly within their jurisdiction, and this rule shall be interpreted to achieve this end."

A district judge "may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[1] 28 U.S.C. § 157(d); *In re Dorner,* 343 F.3d 910, 914 (7th Cir. 2003) (stating that "[d]istrict judges may refer matters to bankruptcy judges but also may withdraw them and render decisions themselves"). As one district court has observed, district courts have "broad discretion to determine whether to withdraw a reference based on cause, but at the same time, permissive withdrawal is the exception, rather than the rule, as bankruptcy jurisdiction is 'designed to provide a single forum for dealing with all claims to the bankrupt's assets.'" *In re K & R Express Sys., Inc.*, 382 B.R. 443, 446 (N.D. Ill. 2007) (citing *In re Sevko, Inc.*, 143 B.R. 114, 115 (N.D. Ill. 1992), and quoting *Xonics v. First Wis. Fin. Corp.*, 813 F.2d 127, 131 (7th Cir. 1987)). The moving party bears the burden of persuading a district court to withdraw the reference. *Salin Bank & Trust Co. v. Seybold*, No. 1:08-CV-70, 2009 WL 377983, at *3 (N.D. Ind. Feb. 12, 2009).

---

[1] In addition to this sentence providing for permissive withdrawal, the statute also includes a mandatory withdrawal provision, which states: "The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d). Based upon his Reply, it does not appear that the Plaintiff is making any argument that withdrawal is warranted under this mandatory provision of the statute.

Courts consider the following factors in determining whether cause exists: whether withdrawal would promote judicial economy or uniformity and efficiency in bankruptcy administration; whether it would reduce forum shopping; whether it would cause delay and costs to the parties; whether a particular court has familiarity with the case; whether parties have demanded a jury trial; and whether a core or non-core proceeding is involved. *In re Comdisco Ventures, Inc.,* Nos. 04-C-2007, 04-C-2393, 01-24795, 2004 WL 1375353, at *2 (N.D. Ill. June 18, 2004); *U.S. (EPA) v. Envtl. Waste Control, Inc.*, 131 B.R. 410, 418 (N.D. Ind. 1991). "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *Matter of U.S. Brass Corp.,* 110 F.3d 1261, 1268 (7th Cir. 1997). An adversary proceeding is "non-core" if it "does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of bankruptcy." *Barnett v. Stern,* 909 F.2d 973, 981 (7th Cir. 1990) (citation and quotation marks omitted). Examples of a non-core proceeding are a claim of the debtor against a third party that can be determined without respect to bankruptcy law, and a claim against a stranger to the bankruptcy proceeding *(e.g.,* one who has not filed a claim) based on pre-petition contract-based rights. *Wellman Thermal Sys. Corp. v. Columbia Cas. Co.*, Nos. 1:05-CV-1191, 03-01934, 2005 WL 4880619, at *2 (S.D. Ind. Oct. 5, 2005) (citing *U.S. Brass Corp.,* 110 F.3d at 1268, and *Barnett*, 909 F.2d at 981). *See also id.* (citing *In re Apex Exp. Corp.,* 190 F.3d 624, 631–33 (4th Cir. 1999) (holding debtor's pre-petition based contract claim against party who had not filed a proof of claim with the bankruptcy court was a non-core proceeding); and *In re Orion Pictures Corp.,* 4 F.3d 1095, 1102 (2d Cir. 1993) (holding breach of contract action by

7

debtor based on pre-petition contract against party who had not filed a claim with the bankruptcy court was a non-core proceeding)). Nevertheless, a non-core proceeding may be related to the bankruptcy because of its potential effect, such as the impact a claim would have on the size of a debtor's estate. *U.S. Brass Corp.,* 110 F.3d at 1269; *Barnett,* 909 F.2d at 981. Additionally, the right to a jury trial is sufficient cause to withdraw the reference to the bankruptcy court. *Matter of Grabill Corp.,* 967 F.2d 1152, 1158 (7th Cir. 1992) (holding that where a jury trial is required the trial must be conducted in district court and that the Bankruptcy Code does not authorize bankruptcy judges to conduct jury trials); *Wellman*, 2005 WL 4880619, at *3; *Good v. Kvaerner U.S., Inc.*, No. 1:03-CV-476, 2003 WL 21755782, at *3 (S.D. Ind. July 25, 2003).

In this case, the Plaintiff did not follow the procedures set forth in Local Rule 200.1 or make the proper submissions. As a consequence, the Plaintiff has not properly raised the issue regarding a withdrawal of the reference, and this oversight has presented challenges to the Defendants in responding to the Plaintiff's Motions and to this Court in addressing the relevant issues. Because the Plaintiff's Motion and the related briefing do not adequately address the range of issues that must be considered in deciding whether to withdraw the reference, the Court finds that the Plaintiff has not, at this time and on this record, adequately shown that cause exists to withdraw the reference to the Bankruptcy Court. Accordingly, the Court will deny the Plaintiff's request.

In looking to the specific issues presented by the parties, the proceeding appears to be non-core. The Bankruptcy Code is not the source of the Plaintiff's rights or remedies against the Defendants; rather, state law and a separate federal law are the sources. In other words, his action does not invoke a substantive right created by federal bankruptcy law and is one that could exist

8

outside of bankruptcy, and thus he could pursue this action as an ordinary action if he were not in bankruptcy. Nevertheless, the Plaintiff's claims against the Defendants could, at least in theory, affect the size of the bankruptcy estate. Thus, this proceeding appears to be relate to his case under Title 11.

Additionally, both the Plaintiff and Defendant Mortgage Information Services have demanded a jury trial. Subject to specified conditions, 28 U.S.C. § 157(e) and Local Rule 200.1(c) make provision for a bankruptcy judge to hear a proceeding to which the right to a jury trial applies. However, the parties have not addressed the specific conditions or the question of entitlement to a jury trial as to specific claims and issues in this case.[2]

As to judicial economy, although the Bankruptcy Court on April 20, 2009, issued an order discharging the Plaintiff in bankruptcy, the factors related to judicial economy do not currently tip in favor of withdrawing the reference. Based upon its handling of the Plaintiff's Chapter 7 Voluntary Petition, the Bankruptcy Court has greater familiarity with the matters at issue among the parties related to the mortgage loan on a piece of real property in Gary, Indiana. Defendant Deutsche Bank National Trust Company was a creditor that participated in the bankruptcy proceeding, and it filed and received a favorable ruling from the Bankruptcy Court on a motion to compel abandonment relative to the real property in Gary, Indiana, and on a motion for relief from stay. Additionally, 28 U.S.C. § 157(c)(1) and Local Rule 200.1(a)(3) make provision for the Bankruptcy Court to hear a proceeding that is not a core proceeding but that is otherwise related to

---

[2] Although the Plaintiff may be entitled to a jury trial on at least some of his claims, this case is still in an early stage of development, and the issue of the Plaintiff's right to a jury trial can be addressed at a later stage. Additionally, Defendant Mortgage Information Services has made a demand for a jury trial, but it appears from the Plaintiff's proposed Third Amended Complaint that the Plaintiff has decided not to go forward with claims against that Defendant.

a case under Title 11, and to submit proposed findings of fact and conclusions of law that are subject to *de novo* review by the Court. Also, considering the questions raised by the Defendants regarding the Plaintiff's request for rescission of the mortgage loan and the standing of the Bankruptcy Trustee to pursue such relief after the Bankruptcy Court granted both Defendant Deutsche Bank National Trust Company's motion to abandon the property and its motion to lift the stay regarding the property securing the loan, the most prudent course at this point is to deny the Plaintiff's request for withdrawal of the referral.

Because the Court will deny the Plaintiff's Second Motion to Restore Case, which the Court has construed as a Motion to Withdraw Reference, the Court will also deny as moot the Plaintiff's Third Motion to Amend Complaint.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Second Motion to Restore Case to Trial Docket [DE 95], the Plaintiff's Third Motion to Amend Complaint [DE 96], and the Defendants' Motion for Leave to File Sur-Reply to Plaintiff's Second Motion to Restore Case to Trial Docket and to Plaintiff's Motion to File a Third-Amended Complaint [DE 111] are DENIED.

SO ORDERED on November 24, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION