UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| RODNEY S. MEANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:06-CV-409-TS |
| | ) | |
| AMERIQUEST MORTGAGE COMPANY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Stipulation of Dismissal of Defendant Mortgage Information Services Only with Prejudice [ECF No. 121], filed on February 16, 2011, by the Plaintiff and Defendant Mortgage Information Services, Inc., and on a Third Motion to Amend Complaint [ECF No. 122], filed on February 22 by the Plaintiff. As of the date of this Opinion and Order, the Stipulation of Dismissal and the Third Motion to Amend are unopposed.

The Stipulation requests the voluntarily dismissal with prejudice of the Plaintiff's claims against only Defendant Mortgage Information Services, Inc. pursuant to Federal Rule of Civil Procedure 41(a)(2). Rule 41(a)(2) authorizes a court to dismiss "an action" at the plaintiff's request only by court order and "on terms that the court considers proper." A dismissal under this section is without prejudice unless otherwise stated. Fed. R. Civ. P. 41(a)(2). The Seventh Circuit has instructed that Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001). The Court might be inclined to consider whether it should construe the Stipulation of Dismissal as a motion to amend the Complaint under Rule 15(a)(2), but the need for the Court to address that issue is obviated by the Plaintiff's filing of his

Third Motion to Amend Complaint, which, upon being granted by the Court, will render the Stipulation moot because the Plaintiff does not name Mortgage Information Services, Inc. as a defendant in the proposed Third Amended Complaint.

In his Third Motion to Amend, the Plaintiff requests leave to amend his Complaint to modify certain claims and defendants. Under Rule 15(a)(2), a plaintiff, with leave of court, may amend a complaint when justice so requires, and leave is to be freely given. The Supreme Court has provided the following explanation of what Rule 15(a) means when it says that the court should freely give leave:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). It does not appear that any such reason for denying leave exists, and the Motion to Amend Complaint is unopposed. Accordingly, the Court will grant the Motion.

The Court, being duly advised, GRANTS the Plaintiff's Third Motion to Amend Complaint [ECF No. 122], and the Clerk is DIRECTED to file the Third Amended Complaint, which is attached to the Plaintiff's Motion. The Court DENIES AS MOOT the Stipulation of Dismissal [ECF No. 121].

SO ORDERED on March 17, 2011.

    s/ Theresa L. Springmann
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION