UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| RODNEY S. MEANS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) CIVIL NO. 2:06-cv-409 |
| | ) |
| AMERIQUEST MORTGAGE COMPANY, its | ) |
| Successors and Assigns, DEUTSCHE | ) |
| BANK NATIONAL TRUST COMPANY as | ) |
| Trustee for Ameriquest | ) |
| Securities, Inc. Asset-Backed | ) |
| Pass-Through Certificates, | ) |
| Series 2006-R-1, AMERICAN HOME | ) |
| MORTGAGE SERVICING, INC., | ) |
| | ) |
| Defendants | ) |

OPINION AND ORDER

This matter is before the court on the Objection to Defendants' Motion to Enlarge Discovery Cut Off Deadline and Motion to Reconsider Order Dated 11-21-2011 [DE 154] filed by the plaintiff, Rodney S. Means, on December 4, 2011. For the following reasons, the motion is **GRANTED.**

Background

On July 14, 2011, the court set the discovery deadline for November 21, 2011. On November 21, 2011, counsel for Ameriquest Mortgage Company and Deutsche Bank National Trust Company left plaintiff's counsel a voicemail and sent an e-mail requesting consent for an enlargement of time to complete discovery. Plaintiff's counsel responded that she did not consent. After learn-

ing that plaintiff's counsel did not consent, defense counsel filed a motion for extension of time. In their motion, the defendants stated "Discovery is not complete at this time, however, as the parties have outstanding discovery requests and potential unresolved discovery issues among them."

The court granted the defendants' motion the following day. The plaintiff's counsel was out of the office and did not see the defendants' motion or the court order until November 27, 2011. On December 4, 2011, the plaintiff's counsel filed this motion to reconsider the extension of time to conduct discovery, arguing that the defendants misrepresented the progress of discovery and that the plaintiff will be prejudiced by the extension.

## Discussion

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). See also *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)

(internal quotation omitted). *See also* **United States v. Ligas**, 549 F.3d 497, 501 (7th Cir. 2008)("A district court may reconsider a prior decision when there has been a significant change in the law or facts since the parties presented the issue to the court, when the court misunderstands a party's arguments, or when the court overreaches by deciding an issue not properly before it."). In **Frietsch v. Refco, Inc.**, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated:

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.
>
> 56 F.3d at 828

*See also* **Oto v. Metropolitan Life Insurance Company,** 224 F.3d 601, 606 (7th Cir. 2000)("A party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier."); **Divane v. Krull Electric Company**, 194 F.3d 845, 850 (7th Cir. 1999); **LB Credit Corporation v. Resolution Trust Corporation**, 49 F.3d 1263, 1267 (7th Cir. 1995). Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." **Global View Ltd. Venture**

3

***Capital v. Great Central Basin Exploration***, 288 F.Supp.2d 482, 483 (S.D.N.Y. 2003)(internal quotation omitted).

In their motion for extension of the discovery deadline, the defendants informed the court that discovery was not complete and that the parties had outstanding discovery requests and unresolved discovery issues. What the defendants did not tell the court was that the discovery delays were the product of the defendants' failure to respond and untimely discovery requests. The defendants' motion gave the impression that all parties had additional discovery they wished to complete. Because Judge Springmann advised the parties that extensions of time would not be readily granted and the defendants' did not accurately inform the court of the progress of discovery, the court **GRANTS** the Objection to Defendants' Motion to Enlarge Discovery Cut Off Deadline and Motion to Reconsider Order Dated 11-21-2011 [DE 154] filed by the plaintiff, Rodney S. Means, on December 4, 2011. The plaintiff is not required to respond to the defendants' untimely discovery requests.

ENTERED this 27th day of January, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge